**PROGRESSIVE INSURANCE COMPANY (PAGO PAGO) LTD.,**
**Plaintiff,**

**v.**

**SOUTHERN STAR INTERNATIONAL, INC.**
**dba HONG KONG RESTAURANT, TUTUILA**
**INTERNATIONAL, INC., NTV ELECTRONICS, INC., KENNY**
**AND HELEN YOUNG, AINOAMA FATA dba NOFO'S STORE,**
**CHIEF FALEMALAMA L. VAESAU, AND DOES I-V, Defendants.**

High Court of American Samoa
Trial Division

CA No. 129-99

May 30, 2000

Before KRUSE, Chief Justice, TUA`OLO, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Roy J.D. Hall, Jr.
For Defendants Southern Star International, Inc. dba Hong Kong Restaurant, and Kenny and Helen Young, Paul F. Miller
For Defendant Ainoama Fata dba Nofo's Store, Katopau T. Ainu`u

## ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING MOTION TO AMEND COMPLAINT, AND DENYING MOTION TO RECONSIDER DISMISSING CHIEF FALEMALAMA L. VAESAU

### I. Defendants SSI & Youngs' Motions for Leave to Amend and for Partial Summary Judgment

On May 2, 2000, defendants Southern Star International, Inc. dba Hong Kong Restaurant ("SSI") and Kenny and Helen Young (the "Youngs") requested leave to amend its counter-complaint against Progressive Insurance Company (Pago Pago) Ltd. ("Progressive") under T.C.R.C.P. 15. The following day, SSI and the Youngs filed a motion for partial summary judgment under T.C.R.C.P. 56. Progressive replied to these motions on May 17, and a hearing was held on May 18, with counsel present.

#### A. Motion for Leave To Amend

In requesting leave to amend under T.C.R.C.P. 15, SSI and the Youngs hope to, *inter alia*, add cross-claims against Julian Ashby ("Ashby"), chief executive officer of Progressive, and all of Progressive's stockholders.

█ A party cannot assert cross-claims against non-parties by amendment

181

under T.C.R.C.P. 15. To file a claim against an additional party, a third-party plaintiff must serve a summons and complaint on the new parties. T.C.R.C.P. 14(a) (also requiring leave of court to file a third-party action later than ten days after the third-party plaintiff served the original answer); *see also* T.C.R.C.P. 13(g) (allowing cross-claims only against co-parties). Ashby and Progressive's stockholders are not parties to this action. It is therefore inappropriate to add them as parties by Rule 15 amendment. SSI and the Young's motions for leave to amend and for partial summary judgment are denied.

B. <u>Motion for Partial Summary Judgment</u>

SSI and the Youngs have also moved for partial summary judgment on the ground that there is no issue of fact as to whether there was a total loss on the insured building that was damaged in a fire on August 11, 1999.

Summary judgment is appropriate when there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56(c). The court must view the pleadings and supporting papers in the light most favorable to the non-moving party. *Amerika Samoa Bank v. United Parcel Serv.*, 25 A.S.R.2d 159, 161 (Trial Div. 1994); *Ah Mai v. Am. Samoa Gov't (Mem.)*, 11 A.S.R.2d 133, 136 (Trial Div. 1989).

SSI and the Youngs argue that because the matai who controls the land, Chief Falemalama L. Vaesau ("Vaesau"), has refused permission to rebuild, the building has sustained a total loss. They concede that Vaesau's refusal to permit reconstruction is a peril not within the coverage of the policy, but argue that A.S.C.A. § 29.1570 operates to make Progressive liable. A.S.C.A. § 29.1570 reads:

> An insurer is liable:
> (1) when the thing insured is rescued from a peril insured against and which would otherwise have caused a loss if in the course of the rescue, the thing is exposed to a peril not insured against, and which permanently deprives the insured of its possession, in whole or in part;
> (2) if a loss is caused by efforts to rescue the thing insured from a peril insured against.

This provision is entitled "Perils not insured against-Rescue efforts." A.S.C.A. § 29.1570. Its purpose is to do exactly what the title states: protect an insured against the loss of an uninsured item when the peril occurs as a result of trying to rescue the insured item. It does not serve to make an insurer liable for unrelated decisions regarding the insured property that occur subsequent to the loss. Defendants' argument is

unsupported by any case law, and is absurd.

Whether a total loss has occurred is an issue of fact that has yet to be decided. SSI and the Youngs' motion is denied.

## C. Sanctions

■ Whenever counsel signs a motion, counsel has certified that, to the best of his or her knowledge, the motion:

> (1) is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. . . .

T.C.R.C.P. 11(b). The Court is empowered to enter an order describing the specific conduct that appears to violate this rule, and direct an attorney to show cause why it has not violated the rule. T.C.R.C.P. 11(c)(1)(B). By filing the two motions discussed above, both of which are frivolous, counsel has come very close to receiving an order to show cause why Rule 11 sanctions should not be issued. Counsel is hereby warned to refrain from any further vexatious conduct.

## II. Defendant Fata's Motion for Reconsideration

■ Defendant Ainoama Fata dba Nofo's Store ("Fata") has requested that the Court reconsider its decision to dismiss Vaesau. The Court dismissed Vaesau because he was named as a potential claimant in interpleader, but disclaimed any interest in the money at issue. Fata argues that her cross-claim should be allowed because it is independent of and unrelated to the insurance proceeds. The trial court rules permit cross-claims against a co-party when they arise out of the same transaction or occurrence that is the subject matter of a claim or relate to property that is the subject matter of the original action. T.C.R.C.P. 13(g). Rather than supporting Fata's position, her argument of independence from the original claim precludes the cross-claim. Fata's motion for reconsideration is denied.

It is so ordered.